UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDY A. BELL,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; THE CITY OF PASSAIC, NJ; PASSAIC HOUSING AUTHORITY OF PASSAIC; COMMUNITY HEALTH LAW PROJECT OF BLOOMFIELD, NJ; CALDWELL BANKER REAL ESTATE OF CLIFTON, NJ; SALVATION ARMY GOOD SAMARITAN INN; SISTER CATH HOMELESS SHELTER FOR WOMEN; NJ DEPARTMENT OF COMMUNITY AFFAIRS, PATERSON, NJ<br><br>    Defendants. | Civ. No. 16-4396 (KM) (MAH)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

At the heart of the Complaint of this *pro se* plaintiff, Ms. Bell, is a claim that she was discriminatorily denied public housing. Now before the Court are multiple motions to dismiss the complaint (ECF nos. 21, 24, 37, 38, 39), to which the plaintiff has not responded. Because the allegedly wrongful denials took place in 1989 (at the earliest) and 2009 (at the latest), this action, filed in 2016, must be dismissed on statute of limitations grounds

1

# DISCUSSION

## A. Standard of Review

Rule 12(b)(6), Fed. R. Civ. P., provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014). Federal Rule of Procedure 8(a) requires that the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The motions to dismiss in this case invoke the statute of limitations. That is ordinarily an affirmative defense, but it may be the subject of motion to dismiss where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Fried v. JP Morgan Chase & Co.*, 850 F.3d 590, 604 (3d Cir. 2017) (quoting *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)).

As always, where a plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

## B. Analysis

The Complaint in this case ("Cplt.", ECF no. 1) was filed on July 19, 2016. It was accompanied by a Motion ("Motion", ECF no.2), which I will consider as being part of the Complaint.

The Complaint alleges claims of age or disability discrimination under the "Civil Rights Act of 1967 and the Rehabilitation Act of 1973," based on the

denial of the plaintiff's application for public housing. It seeks $900 million in damages. (*See* Motion, *passim.*)

Records attached to the Motion suggest that the plaintiff suffers from a number of medical conditions, was injured in 1989 and reinjured in 1998, and is receiving Social Security disability benefits. (ECF no. 2-2) Also attached is a copy of a dismissed housing discrimination complaint, filed with the U.S. Department of Housing and Urban Development, Office of Fair Housing and Equal Opportunity. ("HUD Complaint", ECF no. 2-3, pp. 1-6)

The defendants' motions assert that the Complaint is untimely, so I must identify the relevant statute of limitations. From the context, I believe that the plaintiff intends to assert claims under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d (prohibiting discrimination in federally assisted programs), and the Rehabilitation Act, 29 U.S.C. § 701 (prohibiting discrimination on the basis of disability). Claims under Title VI borrow the two-year New Jersey statute of limitations for personal injury actions. *See Thomas v. Advance Housing, Inc.*, 475 F. App'x 405, 406-07 (3d Cir. 2012) (Title VI claims have same two-year statute of limitations as personal injury claims in New Jersey); *Yip v. Union Cty. Coll.*, No. 08-3207, 2009 WL 236949, at *2 (3d Cir. Feb. 3, 2009); *Rose v. Seton Hall Univ.*, No. CV 13-7797, 2015 WL 9049438, at *3 (D.N.J. Dec. 15, 2015) ("Claims under Title VI are subject to a two-year statute of limitations"). Claims under the Rehabilitation Act have been held subject to either a state two-year or a federal four-year statute of limitations.[1]

---

[1] The issue need not be settled, because this action would be untimely under either a two-year or a four-year statute. The distinction may turn on whether the plaintiff is invoking a portion of the Rehabilitation Act that was enacted after the enactment of the federal four-year statute of limitations in 1990. *Smith v. Twp. of Warren*, No. CV 14-7178-BRM-LHG, 2016 WL 7409952, at *12 (D.N.J. Dec. 22, 2016). *Compare Disabled in Action v. SEPTA*, 539 F.3d 199, 208 (3d Cir. 2008) ("Neither Title II of the ADA nor Section 504 of the [Rehabilitation Act] includes an express statute of limitations. As both statutes were enacted prior to the effective date of the default four-year statute of limitations for federal statutes, see 28 U.S.C. § 1658, we borrow the statute of limitations of the most analogous state law cause of action."), *with Fowler v. UPMC Shadyside*, 578 F.3d 203, 208 (3d Cir. 2009) (general federal four-year statute applies to failure-to-transfer claim, added to the Rehabilitation Act in 1992).

According to the Complaint, the acts of discrimination occurred on January 27, 1989, and in "June 200." (Cplt § III.B) The latter seems to inadvertently omit the last digit of the year; on that theory, the latest it could be is 2009. The administrative complaint attached to the Motion alleges that the discriminatory denials of housing took place in "1989, 1998, 1999[2] an[d] the year of 2006." (HUD Cplt. § 6a) As for the latest date, then, probably 2006 was intended; given the most liberal construction, however, the Complaint alleges an act of discrimination that took place, at the latest, in 2009.[3]

This complaint was not filed until July 19, 2016, well beyond the statute of limitations. Accordingly, the defendants' motions to dismiss the Complaint are granted.

It does not appear likely that the defects of the Complaint could be cured by amendment. Nevertheless, the Court of Appeals has instructed that an initial dismissal should ordinarily be without prejudice, particularly in a *pro se* case. *Accord Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). I do not now reach alternative grounds for dismissal, such as failure to state the elements of a claim or failure to serve the summons and complaint upon the United States.

---

[2] Plaintiff's Motion attaches an application for housing, date-stamped January 27, 1989, with the signature area cut off. (ECF no. 2-3, p.5) The Housing Authority of the City of Passaic attaches a similar-looking application, with no date stamp, but with the signature area bearing a date of March 31, 1999. (ECF no. 21-1, p. 12).

[3] Despite this being a motion to dismiss, the Housing Authority of the City of Passaic has submitted two certifications with exhibits and a "Statement of Uncontested Facts." I do not consider these factual submissions. Strictly as background, however, I note that Passaic appears to acknowledge that it placed the plaintiff on the waiting list for a housing unit, but removed the plaintiff from the waiting list on January 7, 2010, when it conducted the required biannual review and was unable to contact her to update her current information. (ECF no. 21-1 at pp. 14–16)

## CONCLUSION

For the foregoing reasons, the motions to dismiss the complaint are GRANTED without prejudice to the filing of a proposed amended complaint within 30 days. An appropriate Order shall accompany this Opinion.

Dated: May 1, 2017

_____
**KEVIN MCNULTY**
**United States District Judge**